**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY COURTHOUSE**

| | |
|---|---|
| JO-ANN POTVIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTEGRITY FINANCIAL PARTNERS, )<br>)<br>Defendant. ) | No. 09-CV-2399 EFM/KMH |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

JO-ANN POTVIN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against INTEGRITY FINANCIAL PARTNERS, (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant is located in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Cochranton, Crawford County, Pennsylvania.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a Kansas Corporation with a business office in Overland, Johnson County, Kansas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant threatened to garnish Plaintiff's Social Security benefits.

14. Defendant threatened to put a lien on Plaintiff's house.

15. Defendant calls Plaintiff on her cell phone 814-336-8533.

16. Defendant calls Plaintiff from 866-951-8061, 913-312-3333 and 866-949-6812.

17. Defendant calls Plaintiff and hangs up without leaving a voicemail message.

18. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity by hanging up without leaving a voicemail message.

19. Defendant failed to disclose in subsequent communications that the communication was from a debt collector (See voicemail message attached as "Exhibit A").

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692(d) of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiffs repeatedly and continuously with the intent to annoy, abuse, and harass.

    c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by hanging up without leaving a voicemail message.

    d. Defendant violated §1692e(4) of the FDCPA by representing and implying that nonpayment of Plaintiff's alleged debt would result in a lien on Plaintiff's house and the garnishment of Plaintiff's Social Security benefits.

    e. Defendant violated §1692e(5) by threatening to take actions against Plaintiff that cannot legally be taken or that are not intended to be taken such as putting a lien on Plaintiff's house and garnishing Plaintiff's Social Security benefits.

    f. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

    g. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see "Exhibit B").

WHEREFORE, Plaintiff, JO-ANN POTVIN, respectfully requests judgment be entered against Defendant, INTEGRITY FINANCIAL PARTNERS, for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

Plaintiff designates Kansas City as place for trial.

RESPECTFULLY SUBMITTED,

By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JO-ANN POTVIN, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF PENNSYLVANIA

Plaintiff, JO-ANN POTVIN, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JO-ANN POTVIN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

7-17-09
Date

JO-ANN POTVIN

PLAINTIFF'S COMPLAINT                                                                 5

# **EXHIBIT A**

```
I need to get in contact with you today, it is the
9th of June.  You willfully abated this matter for almost
30 days now.  You have someone who is representing you,
which I assume you would.  You are like I said basically
abating this.  Have them reach me directly at (866) 951-
8061.  You have 24 hours to return this phone call from
this message.  Again it is the 9th of June.  I am at (866)
951-8061 and you need to reach me directly, Chris Byers.
```

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: JUMP ON ANYONE AND EVERYONE FOR NOTHING. ALL DUE TO STRESS FROM THESE CALLS.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 07-17-09

Jo Ann Potvin
Signed Name

JoAnn Potvin
Printed Name